UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Sherbrooke Turf, Inc., a
Minnesota corporation,

Plaintiff,

vs.

Minnesota Department of
Transportation and Elwyn
Tinklenberg, in his capacity
as the Minnesota Commissioner
of Transportation,

Defendants.

and

United States of America, U.S.
Department of Transportation,
and Federal Highway Administration,

Intervenor-
Defendants. Civ. No. 00-1026 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of February, 2001.

* * *

On February 12, 2001, the Court heard argument on the Intervenor-Defendants' Motion to Compel discovery as to the Plaintiff, and a Third-Party, and the Motion of the Plaintiff, and the Third-Party, for a Protective Order. At the Hearing, the Plaintiff

FILED FEB 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

(60)

appeared by Kimberly P. Anderson, Esq., the State Defendants appeared by Jeffrey S. Thompson, Assistant Minnesota Attorney General, and the Intervenor-Defendants appeared by Jay D. Adelstein, United States Department of Justice. For reasons expressed during the course of the Hearing, and briefly reiterated below, we grant the Motion to Compel, and deny the Motion for a Protective Order.

The Intervenor-Defendants served Rule 30(b)(6) deposition Notices upon the Plaintiff, and a Third-Party, requesting the production of several categories of documents at the time of the noted depositions. Counsel for the Plaintiff also serves as counsel for the Third-Party. For both clients, Plaintiff's counsel argues that the documents being requested are not relevant to these proceedings and, further, that the production of those documents would be unduly burdensome. As we expressed at the time of the Hearing, the document requests are within the zone of relevancy, and their production appears warranted. With respect to any undue burden in completing the production, we are presented with no cogent showing that any burden, much less an undue one, would be occasioned by the production the Intervenor-Defendants demand. We recognize that documents over a five- or six-year period are being requested, but we are without a basis to responsibly weigh the expense, in time and money, that would be expended in honoring that request. If the production is unwieldy, the parties should "meet and confer" in

attempting to focus the discovery more narrowly and, if that still does not reach an accord, they are at liberty to seek our guidance and resolution of the matter.

NOW, THEREFORE, It is --

ORDERED:

That the Intervenor-Defendants' Motion to Compel is GRANTED, and the Plaintiff's Motion for a Protective Order is DENIED.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE