UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

SHERBROOKE TURF, INC.,
a Minnesota corporation,

Plaintiff,

vs.

Court File No.: 00-CV-1026 JMR/RLE

MINNESOTA DEPARTMENT OF TRANSPORTATION, and Elwyn Tinklenberg in his capacity as the Minnesota Commissioner of Transportation,

Defendants,

and United States of America, United States Department of Transportation, and Federal Highway Administration,

Defendants and Intervenors.

# CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties to this Agreement, with respect to the above-captioned case, hereby agree that the documents, materials, testimony, responses to discovery, and information (hereinafter "Documents and Materials") produced, provided or used in this case shall be subject to this Confidentiality Stipulation and Order, the terms of which are as follows:

1. Some of the Documents and Materials produced or provided by National Economic Research Associates, Inc. (hereinafter "NERA") in this case may contain, in whole or in part, competitively sensitive and confidential business information which does not belong in



MAR 5 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the public domain and that may be considered trade secret information as defined in Minn.Stat. sec. 13.37, subd. 1 (b), and does not belong in the public domain.

2. Prior to producing or providing such Documents and Materials to any of the parties in this case (hereinafter "Parties"), NERA may designate as "Confidential" any document, material, testimony, responses to discovery, and information, or any portion thereof, that it reasonably believes contains competitively sensitive and/or confidential business information and that which it wishes to be securely maintained and kept confidential in accordance with the terms of this Confidentiality Stipulation and Order.

3. Any Documents, CD-ROM or other computer storage disks and Materials that are to be subject to the terms of this Confidentiality Stipulation and Order shall be designated as such by the placing, marking, or otherwise affixing thereon (in such a manner as will not interfere with the legibility thereof) the following or otherwise appropriate notice: "CONFIDENTIAL."

4. Any notes, lists, memoranda, indices, exhibits, summaries, or compilations prepared based wholly or in part upon the examination of confidential documents, materials, and information, including testimony or material produced during a deposition, shall be considered confidential and subject to the terms of this Confidentiality Stipulation and Order.

5. Documents and Materials designated and marked as "CONFIDENTIAL," or with some other appropriate notice, shall only be disclosed to Necessary Persons and only insofar as may be reasonably necessary to prepare for the prosecution or defense of a claim in this case. All other disclosure is prohibited and may be grounds for a contempt hearing as violative of this Confidentiality Stipulation and Order. "Necessary Persons" shall consist only of the following:

(A) counsel for each of the Parties in this case (including all counsel of record, other attorneys in their firms or offices who will be working on this case, all government counsel, and appropriate support staff); (B) management of each Party (including other employees and representatives participating in the prosecution or defense of a claim); and (C) retained experts and other consultants. Disclosure of confidential Documents and Materials to a non-Necessary Person, or use of such confidential Documents and Materials by a Necessary Person which is not reasonably necessary for the preparation of the prosecution or defense of a claim in this case, is expressly and strictly prohibited.

6. Prior to any disclosure, as described and limited in Paragraph 5, counsel for the Parties shall advise and fully explain to each Necessary Person the terms of this Confidentiality Stipulation and Order, and obtain such Necessary Person's signature on a copy of the attached Nondisclosure Agreement which evidences the Necessary Person's agreement to be bound and abide by this Confidentiality Stipulation and Order. Copies of the Nondisclosure Agreements of each Necessary Person shall be forwarded to counsel for NERA.

7. Each person given access to material which is subject to this Stipulation and Order shall be provided with a copy of this Stipulation and Order and shall be advised: that Confidential material is being disclosed pursuant to and subject to the terms of the Stipulation and Order and may not be disclosed other than pursuant to and subject to the terms of the Stipulation and Order; and that a violation of the terms of this Stipulation and Order (by use of the Confidential material for business purpose or in any other impermissible manner) may constitute contempt of a court order and a breach of this agreement. If Confidential material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction

may be made on the record and under oath, rather than in writing.

8. Documents, materials, and information subject to this Confidentiality Stipulation and Order may be referred to or incorporated into documents (including briefs, affidavits, or interrogatories) filed with the Court, provided that such documents shall be filed with the Clerk of Court under seal and prominently marked: "CONTAINS INFORMATION SUBJECT TO CONFIDENTIALITY STIPULATION AND ORDER."

9. Upon completion of trial or upon conclusion of any settlement, counsel for the Parties shall either: (A) return to NERA all of its confidential Documents and Materials including any and all copies, in the possession of any Party, its employees and representatives, experts, or consultants, except those comprising any appellate record or a trial court record, accompanied by a "Written Verification" that all such confidential documents, materials, and information have been returned to counsel for the appropriate party; or (B) provide counsel for NERA with a "Written Verification" that all such materials and copies have been destroyed.

10. Notwithstanding the designation of "CONFIDENTIAL," or some other appropriate notice that the Documents and Materials are intended to be subject to this Confidentiality Stipulation and Order, if such Documents and Materials are otherwise publicly available, the party's own document, a copy of a document obtained from any other source other than through discovery in this action, or provided to another party in this action prior to discovery, then nothing in this Confidentiality Stipulation and Order shall prevent a party from disclosing such a document as may be required by law, from otherwise disclosing the contents of such a document, or from using such a document in any manner or for other purposes without restriction.

11. This Stipulation and Order shall survive and continue to be binding for one (1) calendar year after the conclusion of this action, including any appeals. The Court shall retain jurisdiction to enforce this Stipulation and Order.

12. In the event that counsel for any party at any time believes that a document should not be protected by the terms of this Order, such party shall so notify the producing party. Counsel shall then within a reasonable time (not to exceed ten days) after such notice is given confer concerning the document. If an agreement to disclose the document or to remove its confidential designation is not reached, the party seeking a change in the status of the document may apply to the Court for appropriate relief. Until the Court enters an order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided by this Order.

13. This Confidentiality Agreement and Protective Order shall be dated the 29th day of January, 2001.

Dated: January 29, 2001

NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC.

By: [signature]

Kevin E. Crowley
Assistant Litigation Counsel
Marsh & McLennan Companies, Inc.
1166 Avenue of the Americas
New York, NY 10036-2774
(212) 345-4123

ATTORNEYS FOR NERA

Dated: January 29 2001

THOMAS R. OLSON & ASSOCIATES

By: [signature]

11. This Stipulation and Order shall survive and continue to be binding for one (1) calendar year after the conclusion of this action, including any appeals. The Court shall retain jurisdiction to enforce this Stipulation and Order.

12. In the event that counsel for any party at any time believes that a document should not be protected by the terms of this Order, such party shall so notify the producing party. Counsel shall then within a reasonable time (not to exceed ten days) after such notice is given confer concerning the document. If an agreement to disclose the document or to remove its confidential designation is not reached, the party seeking a change in the status of the document may apply to the Court for appropriate relief. Until the Court enters an order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided by this Order.

13. This Confidentiality Agreement and Protective Order shall be dated the 29th day of January, 2001.

Dated: January ____, 2001

NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC.

By: ______________________________

Kevin E. Crowley
Assistant Litigation Counsel
Marsh & McLennan Companies, Inc.
1166 Avenue of the Americas
New York, NY 10036-2774
(212) 345-4123

ATTORNEYS FOR NERA

Dated: January 29 2001

THOMAS R. OLSON & ASSOCIATES

By: [signature]

Thomas R. Olson (#169079)
Kimberly Price Anderson (#240333)
26 East Exchange Street, Suite 220
St. Paul, MN 55101
(651) 298-9884

ATTORNEYS FOR SHERBROOKE TURF, INC.

Dated: January 29, 2001

U.S. DEPARTMENT OF JUSTICE

By: ______________________________
Jay D. Adelstein, Esq.
Civil Rights Division
UNITED STATES DEPARTMENT
OF JUSTICE
P.O. Box 65968/Rm 4026
Washington, DC 20035-5968
(202) 514-3749

ATTORNEY FOR DEFENDANTS AND INTERVENORS

Dated: January 29, 2001

MIKE HATCH
Attorney General
State of Minnesota

______________________________
JEFFERY S. THOMPSON
Assistant Attorney General
525 Park Street, Suite 200
St. Paul, MN 55103-2106
651-296-7580

ATTORNEYS FOR STATE DEFENDANTS

**ORDER**

Based upon the foregoing Confidentiality Stipulation, and good cause having been shown, it is so ORDERED this 2nd day of February, 2001.

BY THE COURT:

James M. Rosenbaum
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

| | | |
|---|---|---|
| SHERBROOKE TURF, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA DEPARTMENT OF TRANSPORTATION, and Elwyn Tinklenberg in his capacity as the Minnesota Commissioner of Transportation,<br><br>Defendants,<br><br>and United States of America, United States Department of Transportation, and Federal Highway Administration,<br><br>Defendants and Intervenors. | * * * * * * * * * * * * * * * * * * * * * * | Court File No.: 00-CV-1026 JMR/RLE |

---

**NONDISCLOSURE AGREEMENT**

---

By signing this document, I agree to be bound by terms of the Confidentiality Stipulation and Protective Order dated January 29, 2001, in connection with the action entitled ***Sherbrooke Turf, Inc. v. Minnesota Department of Transportation, et al.***, Court File No.: 00-CV-1026 JMR/RLE, pending in the United States District Court for the District of Minnesota ("Stipulation and Protective Order").

I received a copy of the Stipulation and Protective Order. I have read the document. I understand the following:

i. That Confidential Material is being disclosed to me pursuant to and subject to the terms of the Stipulation and Protective Order and may not be disclosed other than pursuant to the terms of that document; and

ii. That violation of the terms of this Nondisclosure Agreement and the Stipulation and Protective Order (by the use of any Confidential Material for business purpose or in any other impermissible manner) MAY CONSTITUTE CONTEMPT OF A COURT ORDER AND MAY CONSTITUTE A BREACH OF THIS AGREEMENT, which could subject me to monetary damages, sanctions or other repercussions from the Court.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcement of this Nondisclosure Agreement and the provisions of the Stipulation and Order.

Executed this _____ day of ______________, ________.

___________________________
Signature

___________________________
Printed or typed name

___________________________
Address

___________________________
City, State, Zip

F:\WP51\TRO\Sherbrooke Turf\MS\TEA-21 Challenge\Discovery\Confidentiality Stipulation and Protective Order final01.wpd