UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Sherbrooke Turf, Inc., a
Minnesota corporation,

Plaintiff,

vs. MINUTE ORDER

Minnesota Department of
Transportation, and Elwyn
Tinklenberg in his capacity
as the Minnesota Commissioner
of Transportation,

Defendants,

and United States of America,
United States Department of
Transportation, and Federal
Highway Administration,

Intervenor-
Defendants. Civ. No. 00-1026 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of July, 2001.

* * *

On July 19, 2001, the Court heard argument on the Intervenor-Defendants' Motion to Strike certain paragraphs from the Plaintiff's newly filed Third Amended Complaint. For these purposes, the Plaintiff appeared by Thomas R. Olson, and Kimberly P. Anderson Esqs.; the Defendants appeared by Jeffery S. Thompson, Esq.; and the Intervenor-Defendants appeared by Jay D. Adelstein and Peter

JUL 20 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

106

Smith, Esqs. For reasons expressed at the Hearing, the Intervenor-Defendants' Motion to Strike is denied.

This lawsuit involves the Plaintiff's challenge to the constitutionality of that portion of the Transportation Equity Act, Pub. L. 105-178, 112 Stat. 107, and related Regulations, which have been promulgated by the United States Department of Transportation, as well as the Minnesota Department of Transportation ("MnDOT"), and which underlie the program for providing opportunities to disadvantaged businesses, that participate in federally-funded highway and transit contracts ("the DBE program"). The DBE program is administered by MnDOT as a condition of its receipt of Federal highway and transit funds, and is designed to provide additional opportunities to disadvantaged businesses in order to remedy the effects of past discrimination.

By this Motion, the Intervenor-Defendants seek to strike several allegations that are contained within the Plaintiff's Third Amended Complaint.[1] Specifically, the Intervenor-Defendants move to strike those paragraphs which assert that the Plaintiff has lost a contract as a result of the application of the DBE program.

---

[1]Initially, the Intervenor-Defendants petitioned to strike the paragraphs of the Third Amended Complaint which are numbered 40-42, and 43-50. At the Hearing, however, the Plaintiff agreed to voluntarily strike paragraphs numbered 40-42, and the parties will be submitting a stipulation to that effect.

Apparently, the Third Amend Complaint, and these specific paragraphs, were allowed, with leave from the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding, in order to afford the Plaintiff's an opportunity to correct any deficiencies in the Plaintiff's pleading of "standing." The Intervenor-Defendants now object to these paragraphs since, in their view, their contents controvert the past representations of the Plaintiff, and the Plaintiff's past discovery responses, which categorically denied that the Plaintiff had lost any contracts because of the DBE program.

In its First Amended Complaint, the Plaintiff did not allege that it lost any contracts as a result of the DBE program. Subsequently, the Plaintiff's further amended their Complaint to include such an allegation. In February of 2001, the Intervenor-Defendants deposed David Sherbrooke ("Sherbrooke"), who is the President of the Plaintiff, and who testified that he was unable to specifically identify any contracts that his company had lost as a result of the DBE program. As well, in letter dated February 21, 2001, counsel for the Plaintiff represented that, "to the best of * * * Sherbrooke's knowledge, Sherbrooke Turf, Inc. has not lost subcontract

work as a result of the DBE program." Defendant's Motion to Dismiss; Ex. A.[2]

On March 28, 2001, the District Court heard argument on the parties' cross-Motions for Summary Judgment and, as noted, allowed the Plaintiff leave to amend its Complaint so as to include specific allegations to support its standing to seek relief in this action. In response to the leave granted, the Plaintiff filed its Third Amended Complaint, in which it alleges that it lost work on the "Ottertail County Project" as a result of the DBE program, because the turf and soil contract was given to a program participant whose bid was higher than that submitted by the Plaintiff.[3]

---

[2]Further, in a response to the State Defendant's First Set of Interrogatories, the Plaintiff admitted that, as of March 14, 2001, it had not lost any contracts as a result of the application of the DBE program. See, Federal Defendants' Motion to Strike; Ex. C.

[3]In addition, in a letter to the District Court dated April 19, 2001, the Plaintiff stated:

> We represented at the hearing on our Motions for Summary Judgment that we made a mistake in our Second Amended Complaint in alleging that Sherbrooke lost work under TEA-231. It was not a mistake. Upon completing our review of the project documents submitted by the State Defendants and speaking further with Mr. Sherbrooke, we discovered that Sherbrooke Turf, Inc., lost two projects to DBE competitors under the TEA-21 program of the State and Federal Defendants.

Federal Defendants' Motion to Strike; Ex. A.

The paragraphs which contain this allegation are the ones the Intervenor-Defendants now seek to strike.

According to the Intervenor-Defendants, an analysis of the bids, which were submitted on the Ottertail County Project's turf and soil erosion work, demonstrates that the Plaintiff's bid was $349.50 more than that of LDS, who was the successful bidder on that project. As such, the Intervenor-Defendants contend that the Plaintiff's allegations concerning the Ottertail County project are factually insupportable. In response, the Plaintiff argues that, because LDS's bid did not provide for traffic control, any prime contractor who accepted that contract would have to perform this work at an additional cost, which would have driven the successful bidder's price above that of the Plaintiff.

As we stated at the Hearing, regardless of whose accounting is the more accurate, this Motion must be denied. As authority for striking the referenced allegations, the Intervenor-Defendants employ Rule 7(b), Federal Rules of Civil Procedure, which states as follows:

> (b) Motions and Other Papers.
>
> (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is

> fulfilled if the motion is stated in a written notice of the hearing of the motion.
>
> (2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.
>
> (3) All motions shall be signed in accordance with Rule 11.

Nothing in Rule 7(b), however, empowers the Court to parse a pleading, and remove portions which are displeasing to an opposing party. If the allegations were "redundant, immaterial, impertinent, or scandalous," then authority to strike those assertions can be found in Rule 12(f), Federal Rules of Civil Procedure. The Intervenor-Defendants concede, however, that Rule 12(f) has no proper application here.

In practical effect, the Intervenor-Defendants seek a summary disposition of the allegations in paragraphs 43-50, but without the procedural safeguards attendant to either Rule 12, or Rule 56, Federal Rules of Civil Procedure. The Motion to Strike fails under neither procedural Rule. Moreover, the Plaintiff's advise that the contents of paragraphs 43-50 did not arise until April of 2001. As such, these allegations do not necessarily contravene the Plaintiff's prior representations, and discovery responses. In this sense, these paragraphs of the Third Amended Complaint are more in the nature of a supplemental pleading. See, Rule 15(d), Federal

Rules of Civil Procedure. While such a supplementation might require additional discovery, in the context of this Motion, the opposing parties have addressed the substance of the allegations and, to that extent, additional discovery does not appear necessary.

While we agree with the Intervenor-Defendants, that the introduction of a Third Amended Complaint may complicate the issues previously raised in the cross-Motions for Summary Judgment, that is an issue to be raised with the District Court, who decision on those Motions currently pends. The District Court may want to hear further on the deficiencies of the paragraphs at issue, may want briefing as to whether standing can be bestowed on the basis of facts that did not arise until well after the filing of the action, or may be satisfied that the Record submitted on Summary Judgment is complete. We venture no surmise on that issue, but we are convinced that we are not empowered to wander through the Third Amended Complaint, striking allegations an opposing party regards as improvident, unless presented with a properly advanced dispositive Motion which is referred to us for a recommended disposition. Neither such a Motion, nor a referral, is here present. Therefore, we deny the Motion to Strike.[4]

---

[4]We reiterate our admonition at the time of the Hearing, that (continued...)

NOW, THEREFORE, It is --

ORDERED:

That the Intervenor-Defendants' Motion To Strike Portions of the Plaintiff's Complaint [Docket No. 100] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
Rule 11, Federal Rules of Civil Procedure, "imposes a duty on attorneys to certify [by their signature] that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Simitar Entertainment, Inc. v. Silva Entertainment, Inc., 44 F. Supp.2d 986, 991 (D. Minn. 1999), quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). According to the Supreme Court, "the central purpose of Rule 11 is to deter baseless filings in district court." Id., quoting Cooter & Gell v. Hartmarx Corp., supra at 393. As such, under Rule 11(c), Federal Rules of Civil Procedure, "[i]f, after notice and a reasonable opportunity to respond, [a] court determines that [the Rule] has been violated, the court may * * * impose an appropriate sanction upon the attorney, law firms, or parties that have violated [the Rule] or are responsible for the violation." Monson Trucking, Inc. v. International Broth. of Teamsters, Local 346, 2000 WL 1196317 *8 (D. Minn. 1999). We assume that the Plaintiff has complied with Rule 11, in filing its amended pleading, for failure to do so would be most unfortunate.